WALTER R. FUNK AND JUDITH M. FUNK, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Funk v. Commissioner
Docket No. 37459-87.
United States Tax Court
T.C. Memo 1988-388; 1988 Tax Ct. Memo LEXIS 420; 55 T.C.M. (CCH) 1640; T.C.M. (RIA) 88388; August 22, 1988. Keith W. Kern, for the petitioners. Richard S. Bloom, for the respondent. PARR
MEMORANDUM OPINION PARR, Judge: By notice of deficiency dated August 27, 1987, respondent determined deficiencies in petitioners' 1975 through 1978 income tax liabilities, as follows: Year
Deficiency
1975
$ 24,957.00
1976
17,705.00
1977
13,235.46
1978
10,597.00
Respondent further determined that all of the deficiency for the year 1975, $ 8,392 of the deficiency for 1976, $ 9,456 of the deficiency for 1977, and $ 7,225 of the deficiency for 1978 constituted substantial *421 underpayments attributable to tax-motivated transactions within the meaning of section 6621(c), formerly 6621(d). [1]
At the time of filing the petition in this case, petitioners resided in Olmsted Falls, Ohio. This matter comes before the Court on respondent's Motion for Judgment on the Pleadings, filed June 21, 1988. In his motion, respondent states that the only issue raised by petitioners in their petition is the expiration of the statute of limitations for the years at issue. In his motion, as in his answer to the petition, respondent points out that Forms 872-A, Special Consents to Extend the Time to Assess Tax, had been signed by petitioner as to each of the years in issue, and had not been terminated by either party prior to the issuance of the notice of deficiency in this case. Petitioners do not dispute that valid Forms 872-A were executed. They argue, however, that a Form 872-A does not extend respondent's assessment period indefinitely, but only for a reasonable time. They contend that under the circumstances of this case, more than a reasonable time *422 period had elapsed since the signing of the consents, and thus the statute of limitations had expired. For the reasons set forth below, we hold for respondent. Preliminarily, we see no need for further submissions or a trial in this case. All the facts needed to decide this matter are contained in the pleadings. Petitioners' income tax return for the year 1975 was filed on or about April 15, 1976. On November 27, 1978, petitioners signed Form 872, consenting to extend the period for assessment of tax due for 1975 until December 31, 1980. The form was signed by respondent on December 26, 1978. Petitioners' return for 1976 was filed on or about April 15, 1977. On October 29, 1979, they signed Form 872, extending the assessment period for their 1976 tax year until December 31, 1980. Respondent executed the form on November 19, 1979. On August 9, 1980, petitioners' representative signed on their behalf a Form 872-A, Special Consent to Extend the Time to Assess Tax, as to the years 1975 and 1976. Respondent signed the form on August 12, 1980. The form does not provide for an expiration date but specifies three ways in which the consent may be terminated, as follows: *423 (a) the Internal Revenue Service office considering the case receives Form 872-T, Notice of Termination of Special Consent to Extend the Time to Assess Tax, from the (taxpayers); or (b) the Internal Revenue Service mails Form 872-T to the (taxpayers); or (c) the Internal Revenue Services mails a notice of deficiency for such periods.
The form provides that where the consent is terminated by the issuance of a notice of deficiency, the period for assessment is further extended by the number of days the assessment was previously prohibited plus 60 days. Petitioners' return for the year 1977 was filed on or about April 18, 1978. On October 8, 1980, petitioners executed a From 872-A, extending the period to assess tax for 1977. Respondent signed the form on October 22, 1980. Petitioners' return for 1978 was filed on or about May 21, 1979. On November 20, 1981, petitioners signed a Form 872-A as to that year. The form was signed by respondent on November 30, 1981. The special consents were never terminated by either party at any time by means of Form 872-T. Respondent conducted an audit of the years in issue as well as two later years, 1979 and 1980. The same items *424 were in issue on all of the returns. In 1984 respondent proposed adjustments [2] to petitioners' 1979 and 1980 tax liabilities. Petitioners consented to the assessment of the proposed deficiencies in tax for those years. On November 19, 1985, respondent sent a letter to petitioners, proposing adjustments to their 1975, 1976, 1977 and 1978 tax liabilities. The notice of deficiency for those years was mailed to petitioners on August 27, 1987. Petitioners argue that the special consents executed as to 1975 through 1978 did not extend the period of assessment forever, but only for a reasonable time. They state that it was unreasonable for respondent to propose adjustments to those years on November 19, 1985, because petitioners had consented to the 1979 and 1980 deficiencies in 1984 believing that this would resolve the tax liability for all six of the years being audited, and because respondent had all the necessary information regarding 1975 through 1978 in 1984. In their petition, petitioners *425 allege that the special consents expired a reasonable time after the adjustments to their 1979 and 1980 tax liabilities were proposed in 1984, and in no event later than June 30, 1985. Petitioners' give no explanation as to how this date was chosen. Petitioners' argument is not well taken. This Court has consistently upheld the validity of Form 872-A as an extension of the statute of limitations which either party may terminate upon proper notification. See, e.g., . We have held that section 6501(c)(4), which provides for the extension of the statute of limitations by agreement of the parties, does not require such extension to be for a definite period of time. ; , affd. . Respondent conducted an audit of six years, proposed adjustments to two of those years in 1984 and to the other four years in 1985. Petitioners had consented to extend the statute of limitations for those four years and whether through neglect of inadvertence had never terminated such *426 consents. [3] Even after the November 19, 1985, letter from respondent informing them of adjustments to their 1975, 1976, 1977 and 1978 returns, petitioners neglected to or elected not to send a Form 872-T to respondent. Although respondent did not issue a notice of deficiency for those years until August 27, 1987, petitioners were aware that those years were still open and under examination. Petitioners do not tell us what a reasonable time would have been. More importantly, petitioners had it in their power to terminate the consents at any time they wished. That they did not do so is evidence that, in their own view, the time of the extension had not become unreasonable. [4]
*427 Since the only issue raised in the petition was the expiration of the statute of limitations, and since we have concluded, with no need for further submissions or testimony, that respondent must prevail on this issue, we will grant respondent's motion for judgment on the pleadings and enter a decision in favor of respondent. An appropriate order and decision will be entered.
Footnotes
1. All section references are to the Internal Revenue Code as amended and in effect for the years in issue. ↩
2. It is unclear from the pleadings whether respondent issued a notice of proposed adjustments or a statutory notice of deficiency as to 1979 and 1980 at that time, but it is immaterial. ↩
3. Petitioners' argument that they did not terminate the consents because they thought they were resolving all six years when they consented to the 1979 and 1980 adjustments is simply not believable. We presume that petitioners read what they signed. It is not reasonable to believe that a document which on its face deals with 1979 and 1980 also will resolve four other years. Further, in the absence of any allegations by petitioners of fraud or misrepresentation by respondent in the execution of such document, any testimony petitioners would offer as to their beliefs would be parol evidence and would be inadmissible. In any event, we would accord little weight to such self-serving testimony even if petitioners could demonstrate that it should be received. ↩
4. We have stated that such agreement "may very well not toll the statute of limitations indefinitely," but only for a reasonable time. , affd. ; see also . Because of petitioners' inaction, we need not decide what a reasonable time would be. But if forced to do so, we would conclude that respondent did not wait an unreasonable time to propose adjustments to the years in issue, and the special consents were still valid. ↩